**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

KAREEM GOLDSON,           CASE NO.: 4:16-cv-735

    Plaintiff,

vs.

CAPITAL ONE SERVICES, LLC,           DEMAND FOR JURY TRIAL

    Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, KAREEM GOLDSON (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, CAPITAL ONE SERVICES, LLC (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Venue is proper in this District because the Plaintiff resides in this District, Seminole County, the phone calls were received in this District, and Defendant transacts business in Seminole County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is an individual residing in Seminole County, Florida.

5. Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2).

6. Defendant is a foreign limited liability company as registered with the Florida Department of State, Division of Corporations.

7. Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and by the FDCPA, 15 U.S.C. §1692a(4), and does business throughout the state of Florida, including Seminole County, Florida.

8. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Seminole County, Florida, by the Defendant's placing of telephone calls to Plaintiffs cellular telephone in an attempt to collect a debt.

10. Defendant, at all material times, was attempting to collect a debt allegedly in the name of Plaintiff.

11. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6) and FDCPA, 15 U.S.C. §1692a(5).

12. On, July 6, 2016, Plaintiff received a phone call from Defendant to collect a debt. During the telephone call, Plaintiff advised Defendant to stop calling his cellular telephone.

13. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on July 6, 2016 when Plaintiff verbally advised Defendant to stop calling his cellular telephone.

14. Plaintiff is the regular user and carrier of the cellular telephone number ending in -0055 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

15. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted on July 6, 2016.

16. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls.

17. The telephone calls made by Defendant started with a delay in time before the representative joined the line or spoke.

18. Some of the voicemail messages received by Plaintiff on his cellular telephone from Defendant sounded like a pre-recorded voice requesting a return call from Plaintiff.

19. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone on the following dates and times listed on the call logs of Plaintiff attached as Exhibit "A."

20. Plaintiff did not initiate any communications.

21. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent.

22. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

23. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

24. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

25. Plaintiff incorporates all allegations in paragraphs 1-24 as if stated fully herein.

26. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

27. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

28. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, Kareem Goldson, demands judgment against Defendant, Capital One Services, LLC, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

      d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

      e.    any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

29.    Plaintiff incorporates all allegations in paragraphs 1-24 as if stated fully herein.

30.    Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

31.    Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

32.    Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

33.    The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, Kareem Goldson, demands judgment against Defendant, Capital One Services, LLC, for the following relief:

      a.    statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after July 15, 2016;

      b.    an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

      c.    any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____
Kareem Goldson

STATE OF FLORIDA
COUNTY OF _Leon_

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this 20th day of September, 2016, by Kareem Goldson, who is personally known to me or who produced FL DL G432-518-74-1 as identification and who did take an oath.

_____
Signature of Notary Public
Print, type/Stamp Name of Notary

Date: 09/20/16

James Crandall
Notary Public
State of Florida
My Commission Expires 04/14/2020
Commission No. FF 982453
Bonded through CNA Surety

BOSS LAW

_____
Christopher W. Boss, Esq.
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (727) 471-1206
**Attorney for Plaintiff**